IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-1032-JDT-egb |
| | ) | |
| CHUCK ARNOLD, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING ENTRY OF JUDGMENT
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

On January 29, 2013, the Clerk received a *pro se* complaint pursuant to 42 U.S.C.

§ 1983 purportedly filed jointly by sixteen Plaintiffs:  William Horton, Chris Cook, Adonis

Bill, Jesse James, James W. Maitland, Johnathon Gordon, Jacoby Pearson, Malcolm Lee,

Mike Horton, Clarence Combs, Roy Newberry, Darryl Walker, Jeffrey Anderson, Jeff Webb,

John Palmer, and William Moore.  (Docket Entry 1.)  The Plaintiffs were, at the time,

inmates at the Gibson County Correctional Complex ("Jail") in Trenton, Tennessee.  The

complaint appeared to be signed by all of the Plaintiffs, but only Plaintiff William Horton

submitted an *in forma pauperis* affidavit and inmate trust account statement in accordance

with 28 U.S.C. § 1915(a)(1)-(2).  (D.E. 2.)  On February 21, 2013, he filed a "Motion to

Change to Class Action Law Suit."  (D.E. 5.)  The Court issued an order on May 13, 2013,

denying the motion to certify a class, severing the Plaintiffs' claims, and directing the Clerk

to open a new case for each of the other fifteen Plaintiffs, leaving William Horton as the only

Plaintiff in this case.  (D.E. 7.)

In an order issued on June 28, 2013, the Court granted leave to proceed *in forma*

*pauperis*, assessed the civil filing fee pursuant to the Prison Litigation Reform Act

("PLRA"), 28 U.S.C. § 1915(a)-(b), denied appointment of counsel, dismissed the complaint

for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and

afforded Plaintiff 30 days to file an amended complaint that cured the deficiencies.  (D.E.

10.)  The order notified Plaintiff that, if he "fails to file an amended complaint within the

time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter

judgment."  (Id. at 17-18.)

Plaintiff has not filed an amended complaint, and the time within which to do so has

expired.[1]  Therefore, judgment will be entered in accordance with the order of dismissal.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal

by Plaintiff in this case would be taken in good faith.  The good faith standard is an objective

one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The test for whether an appeal

is taken in good faith is whether the litigant seeks appellate review of any issue that is not

frivolous.  Id.  It would be inconsistent for a district court to determine that a complaint

---

[1] Plaintiff's copy of the May 13 order severing the cases was returned as undeliverable on May 20, 2013, marked "Return to Sender."  (D.E. 9.)  On July 9, 2013, Plaintiff's copy of the order of dismissal also was returned, marked "Undeliverable as Addressed/Unableto Forward."  (D.E. 11.)  Plaintiff has not notified the Clerk of his forwarding address, and it appears that he has abandoned this action.  The Court will not delay entry of judgment because more than two months have passed since the order severing the cases was returned and the most basic responsibility of a litigant is to provide the Court with a current address.

should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $455 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case.  A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). See McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).  McGore sets out specific procedures for implementing the PLRA. Therefore, the Plaintiff is instructed that if he wishes to take advantage of the PLRA's installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[2]  This "strike" shall take effect, without further action by the Court, upon expiration of the time for filing

---

[2] Plaintiff previously filed Horton v. Arnold, No. 12-1250-JDT-ebg (W.D. Tenn. Apr. 4, 2013) (dismissed for failure to state a claim).

a notice of appeal, the dismissal of any appeal, or the affirmation of the district court's ruling

on appeal, whichever is later.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE